No. 501 June 3, 2026 323

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDREW CAHLEB MORRIS,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR53730; A183970

Leslie G. Bottomly, Judge.

Argued and submitted May 12, 2026.

Kelsey T. Townsend, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals from a judgment of conviction for one count of unlawful possession of a firearm, ORS 166.250(1)(b). In his sole assignment of error, defendant claims that the trial court erred by denying his motion for a judgment of acquittal (MJOA). Defendant specifically argues that the evidence was legally insufficient to prove that the firearm was "concealed," as required by the statute. As explained below, we affirm.

A person commits the crime of unlawful possession of a firearm, as charged here, when a person knowingly "possesses a handgun that is concealed and readily accessible to the person within any vehicle." ORS 166.250(1)(b). Defendant contends that the evidence was legally insufficient to prove that the handgun was concealed. He raised the same issue in his MJOA in the trial court, so the claim of error is preserved. The state maintains that the trial court properly denied the MJOA.

On review of the denial of an MJOA, our task is to examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). Applying that standard of review, we agree with the state that the evidence was legally sufficient to go to the factfinder.

The Supreme Court has explained that

"in the context of ORS 166.250(1)(b), the legislature intended that a handgun is 'concealed' in a vehicle if the placement of the gun would fail to give reasonable notice of the gun's presence, through ordinary observation, to a person actually coming into contact with the occupants of the vehicle and communicating in the manner typical of such a contact—such as through an open window."

*State v. Harrison*, 365 Or 584, 589, 450 P3d 499 (2019). That inquiry is a question of fact. *Id.* at 594 (explaining that "[s]o understood, whether a handgun is 'concealed' in a vehicle will ultimately be a question for the finder of fact").

While defendant was being cited for traffic violations, an officer scanning the inside of the vehicle from the passenger side noticed the handle of a handgun tucked between the console and the passenger seat. The record included a photograph of the handgun as it was positioned at the time, which we partially reproduce here:



Defendant argues that the handgun was not concealed because it was visible through the open passenger window and was immediately recognizable as a handgun, and he notes that an officer was even able to identify it as a 9mm Glock. He therefore argues that the placement of the gun did not fail to provide reasonable notice of its presence, through ordinary observation.

We conclude that a rational factfinder could find on this record that the handgun was concealed. The firearm was not visible to an officer who approached from the driver's side, due to it being below aneen the console and the passenger seat. A different officer who initially spoke to defendant from the passenger side did not notice the handgun. A third officer, the one who eventually spotted the handgun, did not immediately notice it because he was focused on defendant's hands, and saw the firearm once he scanned the vehicle's interior. That was sufficient evidence from which a rational factfinder could conclude that the handgun was concealed. *See State v. Delgado-Rodriguez*, 348 Or App 616,

621-22, ___ P3d ___ (2026) (concluding that the trial court's factual determination that a handgun was concealed was supported by constitutionally sufficient evidence, including a photograph of the handgun tucked into the cushion of a truck bench seat with only the top visible, despite it being immediately identified as a firearm by an officer viewing it from the passenger side window).

The trial court did not err in denying defendant's MJOA.

Affirmed.